UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FILED
SEP 29 2006
CLERK'S OFFICE
U.S. DISTRICT COURT
EASTERN MICHIGAN

MARK ALLEN MAXSON, #377841,

    Petitioner,

Civil No: 06-CV-13972
Honorable Gerald E. Rosen
Magistrate Judge Mona K. Majzoub

v.

MICHIGAN DEPARTMENT OF
CORRECTIONS & HAROLD WHITE,

    Respondents.

---

## OPINION & ORDER SUMMARILY DISMISSING PETITIONER'S WRIT OF HABEAS CORPUS PETITION

### I. Introduction

This matter is before the Court on Petitioner's, Mark Allen Maxson's, *pro se* request for habeas relief pursuant to 28 U.S.C. §2254. Petitioner, a state prisoner confined at Parnall Correctional Facility, in Jackson, Michigan, is challenging his September 5, 2001 conviction on 5 counts of first degree criminal sexual conduct. Although it is not readily apparent, it does not appear that Petitioner has exhausted his state court claims relative to the following issues: (1) whether Petitioner was denied appellate counsel; (2) whether there was sufficient evidence to support the imposition of Petitioner's sentence; and (3) whether there was sufficient evidence to support the scoring of Petitioner's sentence.[1] The Court finds that these claims do not seem to have been exhausted. Accordingly, the Court finds that Petitioner's habeas petition is dismissed without prejudice on exhaustion grounds.

---

[1] Petitioner also raises the issue of ineffective assistance of counsel, a claim that appears to have been exhausted.

## II. Discussion

### A. Failure to Exhaust State Court Remedies

Petitioner claims that he was denied the appointment of appellate counsel; and he asserts constitutional and sufficiency of evidence arguments relative to his sentencing. Petitioner refers, however, to his claims as "new argument" in his habeas petition. *(Habeas Petition, pp. 13, 22)*. Petitioner also does not list these arguments as ones that were raised in the Michigan state courts. Therefore, Petitioner's pleadings appear to indicate that he did not make the first attempt to assert these claims to the Michigan Court of Appeals nor by collateral attack in the trial court. Although, Petitioner filed an application for leave to appeal with the Michigan Court of Appeals and a delayed application for leave to appeal with the Michigan Supreme Court, it does not seem that he raised the above referenced claims in his state court appellate pleadings.

A federal court may not grant habeas corpus relief unless the petitioner has exhausted all available state remedies or demonstrated their inadequacies. *28 U.S.C. § 2254(b)*; *Martin v. Mitchell*, 280 F.3d 594, 603 (6th Cir.2002) ("Habeas corpus relief is available only if the applicant first exhausts remedies available in state court."); see also *Hannah v. Conley*, 49 F.3d 1193 (6th Cir. 1995). Exhaustion requires that a petitioner provide the state courts with the opportunity to correct any constitutional violations by invoking "one full round" of the state's appellate review process. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"). Federal habeas law provides that a habeas petitioner is only entitled to relief if he or she can show that the state court adjudication of the claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal

2

law as determined by the Supreme Court of the United States. *See 28 U.S.C. § 2254(d)*. Otherwise, the Court cannot apply the standard found at 28 U.S.C. § 2254. The burden is on the petitioner to demonstrate compliance with the exhaustion requirement or that the state procedure would be futile. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir.1994) (citing *Darr v. Burford*, 339 U.S. 200, 218-19 (1950)).

In the present case, at no time does it appear that Petitioner presented the subject claims to the courts of Michigan for review. Therefore, since the Michigan Court of Appeals nor the Michigan Supreme Court have had an opportunity to review Petitioner's habeas claims, this Court cannot proceed relative to the adjudication of Petitioner's case.

### III. Conclusion

Accordingly,

IT IS HEREBY ORDERED that Petitioner's "Petition for Writ of Habeas Corpus" **[Docket #1-1, filed September 8, 2006]** is **DISMISSED WITHOUT PREJUDICE.**

IT IS FURTHER ORDERED that if Petitioner can demonstrate to the Court that he has exhausted his state court remedies, then he must do so within **30 days** in a motion for reconsideration.

IT IS FURTHER ORDERED that if Petitioner has not exhausted his state court remedies then he may move to reopen his federal habeas corpus petition under its present case number within **60 days** of exhausting his state court remedies.

        S/Gerald E. Rosen
        Gerald E. Rosen
        United States District Judge

Dated: September 29, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 29, 2006, by electronic and/or ordinary mail.

        S/Donna D. Vinson
        Deputy Clerk